## Ex parte HENRY WOODWARD.

No. A-9251. Feb. 5, 1937.
(64 Pac. [2d] 1247.)

Mac Q. Williamson, Atty. Gen., and Sam L. Lattimore, Asst. Atty. Gen., for the State.

BAREFOOT, J. This is an original petition asking for writ of habeas corpus. The petitioner being now confined in the state penitentiary at McAlester. The petitioner complains that he is unlawfully imprisoned, confined, and detained of his liberty and has been restrained thereof in Oklahoma state penitentiary.

The facts, as shown by the record in this case, are that the petitioner, Henry Woodward, was convicted of the crime of robbery in Creek county, Okla., and was sentenced to serve a term in the Granite reformatory, for a period of seven years. He was received at the Granite reformatory on June 27, 1921. On June 17, 1923, he escaped from prison, and all of the good time which he had

received in that institution was therefore forfeited. While out of prison, he was again convicted of robbery in Ottawa county, under the name of Howard Duncan, and sentenced to serve a term of 25 years in the state penitentiary at McAlester. He was received at the McAlester penitentiary on September 23, 1924, and was given the number 14,440. He served in the McAlester prison until January 11, 1931, at which time he was issued a parole by the then Governor, Holloway. He was, however, held in the jail at McAlester for a period of four days and was on January 15, 1931, transferred to the reformatory at Granite, to serve out his unexpired term. On June 8, 1931, the parole which had been granted him on January 11, 1931, was revoked by Gov. Murray. He served in the Granite reformatory until June 29, 1931, as number 24,102 and on this date was transferred back to McAlester where he is now serving and has served since that time.

The total amount of time which he has served at McAlester is eleven years, ten months, and 22 days. The total at Granite two years, five months, and four days. According to the rules and regulations in force in the prisons of this state, the total amount of time which it would have been necessary for him to serve in McAlester, after being given credit for the time to which he was entitled, was eleven years, nine months, and eighteen days. The total amount necessary at Granite would have been three years, seven months, and seventeen days, and his application for habeas corpus at this time is based upon the fact that he has served at McAlester eleven years, ten months, and twenty-two days; but the record submitted by the state in this case shows that at the time of his transfer from Granite reformatory on June 29, 1931, or soon thereafter, that Gov. Murray, the Chief Executive of this state, issued an executive order, in which it is said:

"Whereas, the said Henry Woodward, Number 3089, left unserved on his sentence at the Oklahoma State Reformatory at Granite, Oklahoma, one year, one month and thirteen days at the time he was transferred to the Oklahoma State Penitentiary at McAlester, Oklahoma.

"Now, Therefore, I, Wm. H. Murray, Governor of the State of Oklahoma, by virtue of the power and authority vested in me by law, do hereby transfer the remainder of the prison time of Henry Woodward, Number 3089, due the Oklahoma State Reformatory at Granite, Oklahoma, to the Oklahoma State Penitentiary, at McAlester, Oklahoma, where the said Henry Woodward, Number 3089, will serve out said time to the same extent and purpose as if he had served said time in the Oklahoma State Reformatory at Granite, Oklahoma."

It will thus be seen that when petitioner was transferred to McAlester on June 29, 1931, that it was necessary for him to serve a term of one year, one month, and thirteen days in the McAlester penitentiary as a balance of the time that was due upon the sentence at Granite. This would have kept him in prison until the 16th day of November, 1932, to have satisfied this judgment and sentence. It will, therefore, be noted that the total amount of time served in the McAlester penitentiary would be approximately ten years, six months, and four days which would not be sufficient time to serve out that sentence. Section 5301, Okla. Stats. 1931, permits the transfer of prisoners from McAlester to Granite, and from Granite to McAlester. It, therefore, appearing from the record that petitioner has not yet served the time as required under the sentence which he received, he is therefore not entitled to the relief prayed for.

The writ is therefore denied.

DAVENPORT, P. J., and DOYLE, J., concur.